IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

FILED
Scott L. Poff, Clerk
United States District Court

*By staylor at 1:58 pm, Jan 26, 2018*

LORIE ANN MORRIS LINDSAY,
individually and as administrator of the Estate
of DYLAN RYAN MORRIS, and on behalf of
the heirs of DYLAN RYAN MORRIS,

    Plaintiff,

  v.

CSX TRANSPORTATION, INC.; and LEON
BELL,

    Defendants.

CIVIL ACTION NO.: 5:17-cv-5

**ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This matter is before the Court on Plaintiff's Motion to Add Defendants. (Doc. 25.) Defendants filed a Response, (doc. 33), and Plaintiff filed a Reply, (doc. 34). For the reasons set forth below, I **RECOMMEND** the Court **GRANT** Plaintiff's Motion and **REMAND** this action to the Superior Court of Brantley County, Georgia.

**BACKGROUND**

Dylan Ryan Morris was operating an ATV on CSX's right of way when he fatally collided with a cable gate Defendant CSX erected. (Doc. 1-1; Doc. 25; Doc. 33.) Plaintiff filed a wrongful death action in the Superior Court of Brantley County on November 28, 2016. (Doc. 1.) Plaintiff alleged that Defendants' negligent, willful, and wanton conduct resulted in the wrongful death of her 16-year old son and caused pre-death pain and suffering. (Doc. 1-1.)

Defendants removed the case to this Court on January 11, 2017, (doc. 1), and the Court issued a Scheduling Order shortly thereafter, (doc. 6). During the course of this litigation, the

parties moved for extension of discovery deadlines twice due to difficulties scheduling depositions and receiving discovery from Defendants' prior counsel. (Docs. 13, 19.)[1] The Court held a status conference with counsel on November 21, 2017. (Doc. 21.) During the call, counsel for the parties expounded on the issues with obtaining discovery from Defendants' prior counsel. Counsel for Plaintiff further indicated that they would potentially need to add new defendants who would destroy diversity depending on what further discovery revealed.

Pursuant to this conference, the Court issued an Order directing the parties to provide more concrete proposed discovery deadlines and to discuss whether the addition of new defendants would be necessary. (Doc. 22.) Subsequently, Plaintiff filed the present Motion to Add Parties. (Doc. 25). Plaintiff seeks to add four additional defendants: Alvin Young; Mike Spurlock; Gary Holmes; and Troy Grace. (Id. at p. 2.) Mr. Young is a Georgia citizen, and Plaintiff believes Mr. Grace is as well. (Id.) All four were CSX employees either at the time of the accident or when the cable gate was erected.[2] Defendants filed a Response, (doc. 33), and Plaintiff filed a Reply, (doc. 34).

## STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1447(e), "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." See also Ingram v. CSX Transp., Inc., 146 F.3d 858, 862 (11th Cir. 1998) ("Because section 1447(e) was applicable here, the

---

[1] Defendants changed counsel during these proceedings. (Docs. 15, 17, 23.)

[2] Mr. Young was the bridge manager in charge of the project attached to the cable gate and would have seen the gate once or twice a week from February 2016 up until the accident date. (Doc. 25, p. 8.) Mr. Spurlock was Mr. Young's predecessor and would have had the same responsibilities prior to February 2016. (Id. at p. 9.) Mr. Holmes was a bridge foreman on the cable gate project and reported an incident where the cable gate had fallen. He was also responsible for restoring the gate after this incident. (Id. at p. 9.) Finally, Mr. Grace was the track inspector whose right of way included the gate. Plaintiff claims that Mr. Grace would have regularly inspected the track and right of way. (Id.)

district court was left with only two options: (1) deny joinder; or (2) permit joinder and remand [the] case to state court."). To determine whether joinder is appropriate, district courts in this Circuit have considered the four factors laid out in Hensgens v. Deere & Co., 833 F.2d 1179 (5th Cir. 1987). See, e.g., Dever v. Family Dollar Stores of Ga., LLC, 2017 WL 3089409 (S.D. Ga. July 20, 2017); D.N. ex rel. Epps v. Dreamland Amusements, Inc., 2011 WL 2269411 (S.D. Ga. Apr. 20, 2011); Johnson v. Lincoln Harris, LLC, 2016 WL 2733425 (N.D. Ga. May 10, 2016). These factors are: "the extent to which the purpose of the amendment is to defeat federal jurisdiction, whether plaintiff has been dilatory in asking for amendment, whether plaintiff will be significantly injured if amendment is not allowed, and any other factors bearing on the equities." Schneider v. KIR Augusta 1044, LLC, 2012 WL 12926068, *3 (S.D. Ga. Nov. 28, 2012) (citing Hensgrens, 833 F.2d at 1182). Furthermore, "[t]he court should balance the danger of parallel federal/state proceedings against the defendant's interest in retaining the federal forum." Dever, 2017 WL 3089409 at *1.

## DISCUSSION

### I. The Extent to Which the Purpose of Amendment is to Defeat Federal Jurisdiction

Plaintiff argues that she filed this Motion not to defeat any federal jurisdiction, but because she had intended to bring suit against not only "CSX but also against responsible individuals" from the outset. (Doc. 25, p. 11.) Plaintiff argues that, while Defendant Bell's role at CSX was publicly available information, the proposed defendants' roles in this litigation were not known before discovery. (Id.) Furthermore, Plaintiff contends her efforts to quickly identify these proposed defendants were stymied by Defendants' prior counsel. (Id. at p. 12.)

Defendants do not directly address this contention and instead attempt to extrapolate a new series of factors to consider based on this Court's decision in Dever. (Doc. 33, p. 5.)

However, Defendants misread this Court's opinion. The Court very clearly stated that it would consider the Hensgrens factors. Dever, 2017 WL 3089409 at *1–2. In fact, the portion of the decision that Defendants extrapolate their "factors" from is the portion of the analysis addressing the last two factors of Hensgrens. Defendants simply cite to the facts upon which this Court relied. Accordingly, the Court will consider the substance of Defendants' arguments when addressing those factors.

"An attempt to add a non-diverse defendant following removal, coupled with circumstances under which the plaintiff knew or should have known the identity of the would-be defendant at an earlier time, 'strongly indicates that the purpose of the plaintiff's amendment is to defeat federal jurisdiction.'" Schneider, 2012 WL 12926068 at *4 (citing Smith v. White Consol. Indus., 229 F. Supp. 2d 1275, 1278 (N.D. Ala. 2002)). Here, there is no evidence that Plaintiff is only seeking to add parties for purposes of defeating federal jurisdiction. It does not appear that the proposed defendants are being named simply for their supervisory positions and ability to destroy diversity. Instead, Plaintiff alleges that the proposed defendants were directly responsible for erecting and/or maintaining the cable gate. Furthermore, these proposed defendants and their roles in the accident could not have been known without further discovery. Unfortunately, the parties' communications with the Court highlight that obtaining discovery—particularly discovery of other individuals involved with the cable gate—was a challenge for Plaintiff. (See, e.g., Doc. 25-1; Doc. 19.) Accordingly, this factor weighs in favor of Plaintiff.

## II. Whether Plaintiff Has Been Dilatory in Making Her Request

As established above, Plaintiff has not been dilatory in filing this Motion. Indeed, Plaintiff claims—and Defendants do not contradict—she did not know the role of the proposed defendants until their depositions were taken on October 17 and 18, 2017. (Doc. 25, p. 13.) Any

4

delay appears to have been due to Defendants' prior counsel refusing to provide adequate discovery answers. This factor also weighs in favor of Plaintiff.

### III.     Whether Plaintiff will be Significantly Injured

Plaintiff argues that pursuing two separate and parallel lawsuits in state and federal court will be particularly burdensome in this case because of the incident giving rise to the suit. There would be a significant "emotional toll" on Plaintiff, her extended family, and any potential witnesses, "including a minor child who is currently only 14 years old and was the first witness to see Dylan after he was fatally injured." (Id. at pp. 14–15.) Plaintiff also argues that she should have an opportunity to present the "actions and inactions of the various defendants together" to a jury. (Id. at p. 15.)

Defendants respond that, like the plaintiff in Dever, Plaintiff's claims against the proposed defendants "arise from the same claims she has asserted against CSX," and Plaintiff would be able to obtain "full relief on her claims" even without the proposed defendants. (Doc. 33, p. 7.) Additionally, Defendants argue that Plaintiff will not be "precluded access to discovery information with these [the proposed defendants] in this case." (Id. at p. 8.)

Defendants rely most critically on this Court's decision in Dever. However, Dever was a slip-and-fall case wherein the plaintiff sought to join the non-diverse manager of the store. Here, Plaintiff seeks to add parties who were directly involved in maintaining or erecting the cable gate in question, not simply a supervisory defendant. Additionally, while separate state and federal slip-and-fall actions may not be that burdensome, the opposite is true in a wrongful death case with minors and relatives acting as potential witnesses. Furthermore, litigation expenses are expected to be higher in this case than in a slip-and-fall action, particularly as the parties have

5

indicated they would likely be using expert witnesses.  (Doc. 21.)  Thus, this factor also weighs in Plaintiff's favor.

### IV.    Other Factors

The interests of judicial economy would also be served by a remand.  In a parallel state proceeding, similar discovery would be exchanged, similar motions would be filed, and Defendants have indicated that they would also represent the proposed defendants.  Rather than proceeding with two nearly-identical, parallel proceedings with the potential of two separate rulings, allowing joinder and remanding the case would promote the "just, speedy and inexpensive determination" of this proceeding.  Fed. R. Civ. P. 1.

Finally, a remand at this stage of the litigation would cause little procedural prejudice to the parties.  Due to the multiple deadline extensions, this case is still in its nascent stages.  Discovery has not closed, and no dispositive motions have been filed.  (Doc. 32.)  Accordingly, this final factor also weighs in favor of remand.

## CONCLUSION

For all these reasons, I **RECOMMEND** the Court **GRANT** Plaintiff's Motion to Add Defendants, (doc. 25), and **REMAND** this action to the Superior Court of Brantley County, Georgia.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within fourteen (14) days of the date on which this Report and Recommendation is entered.  Any objections asserting that the undersigned failed to address any contention raised in the pleading must also be included.  Failure to do so will bar any later challenge or review of the factual findings or legal conclusions herein.  See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985).  Objections to a Report and

Recommendation are not the proper vehicle to raise issues and arguments not previously brought before the Court.  A copy of the objections must be served upon all other parties to the action.  Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made herein.  Objections not meeting the specificity requirement set out above will not be considered by the District Judge.  The Court **DIRECTS** the Clerk of Court to serve a copy of this Report and Recommendation upon the parties.

**SO REPORTED and RECOMMENDED**, this 26th day of January, 2018.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA